IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEVIN JEROME JONES, §<br>    #01169005, §<br>        PLAINTIFF, §<br>§<br>v.        § CIVIL CASE NO. 3:22-CV-1783-E-BK<br>§<br>MR. BOWERS, ET AL., §<br>        DEFENDANTS. § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Plaintiff Kevin Jerome Jones, a state prisoner, filed this *pro se* civil rights complaint against various prison officials in Huntsville, Texas. Doc. 2; *see also* Doc. 4 (Suppl. Compl.). Jones filed a motion for leave to proceed *in forma pauperis*. Doc. 5. Nevertheless, upon review of the relevant pleadings and applicable law, this case should be **DISMISSED** as barred by three strikes.

**I. ANALYSIS**

The "three-strike" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court that were dismissed as frivolous or malicious, or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007); *see also Brown v. Megg*, 857 F.3d 287, 290-91 (5th Cir. 2017) ("[S]ection 1915(g) comports with the PLRA's effort 'to filter out the bad claims filed by

prisoners and facilitate consideration of the good.'" (quoted case omitted)). "A dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice." *Lomax v. Ortiz-Marquez*, — U.S. —, 140 S. Ct. 1721, 1727 (2020). Moreover, "a strike issues only when the entire case is dismissed for being frivolous, malicious, or failing to state a claim." *Brown*, 857 F.3d at 290-91.

Jones has accrued three strikes under § 1915(g). Before this lawsuit was filed, federal district courts in Texas dismissed as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e) and/or 28 U.S.C. § 1915A(b) at least five non-habeas, civil actions that Jones filed while confined as a prisoner. *See Jones v. Bd. of Pardons & Paroles,* No. 4:18-CV-394 (N.D. Tex. June 22, 2018) (dismissed for failure to state a claim); *Jones v. Oliver,* No. 4:18-CV-577 (N.D. Tex. July 16, 2018) (dismissed as frivolous); *Jones v. Gonzalez,* No. 4:18-CV-343 (N.D. Tex. Mar. 6, 2019) (dismissed as frivolous and for failure to state a claim); *Jones v. Wilson,* No. 4:18-CV-890 (N.D. Tex. Mar. 8, 2019) (dismissed as malicious); *Jones v. Roberts*, No. 4:19-CV-1943 (S.D. Tex. May 31, 2019) (dismissed as frivolous). In addition, at least four courts in Texas held previously that Jones is barred from filing civil lawsuits by the PLRA three-strike provision. *See Jones v. Roberts,* No. 9:19-CV-65, 2019 WL 2521141, at *1 (E.D. Tex. May 15, 2019), *R. & R. adopted*, 2019 WL 2515316 (E.D. Tex. June 17, 2019) (dismissing without prejudice under § 1915(g)); *Jones v. Moore*, No. 3:21-CV-2986-K-BN, 2021 WL 6199497, at *2 (N.D. Tex. Dec. 3, 2021), *R. & R. adopted*, 2021 WL 6198079 (N.D. Tex. Dec. 30, 2021); *Jones v. Simmons*, No. 3:22-CV-660-L-BT, 2022 WL 3588931, at *2 (N.D. Tex. Mar. 25, 2022), *R. & R. adopted*, 2022 WL 3588043 (N.D. Tex. Aug. 19, 2022); *Jones v. Warden*, No. 3:22-CV-01306-K (BT), 2022 WL 2792219, at *1 (N.D. Tex. June 17, 2022), *R. & R. adopted*, 2022 WL 2790651 (N.D. Tex. July 15, 2022).

Having accumulated three "strikes," § 1915(g) precludes Jones from proceeding in this action *in forma pauperis* unless he alleges that he is in "imminent danger of serious physical injury" at the time of filing the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam). As in his previous cases, Jones' allegations are difficult to decipher. Doc. 2 at 4; Doc. 4 at 4. He appears now to complain about a housing change and references an unspecified illness. Doc. 2 at 6-9 (Step 1 and 2 grievance forms). In the supplemental complaint, he vaguely references alleged threats and discrimination. Doc. 4 at 4-9. Even when liberally construed, the original and supplemental complaints are wholly devoid of any allegation of imminent danger of serious physical injury. *See Roberson v. Morgan*, 858 F. App'x 158, 159 (5th Cir. 2021) (per curiam) ("[S]peculative and conclusory allegations are insufficient to make the showing required to avoid application of the three strikes bar under § 1915(g)."). Jones is thus barred from proceeding *in forma pauperis* under § 1915(g).

## II. CONCLUSION

Accordingly, Jones' motion for leave to proceed *in forma pauperis* should be **DENIED** and this action should be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g). Such dismissal is with prejudice to Jones refiling an *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to him refiling this lawsuit with full payment of filing and administrative fees of $402.00.

**SO RECOMMENDED** on September 26, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).